**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DARNELL DINWIDDIE,<br>Plaintiff,<br>v.<br>HEALTHTRACKRX, INC.,<br>Defendant. | Civil Action No.<br>1:24-cv-05921-SDG |

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge J. Elizabeth McBath [ECF 36], which recommends that Defendant HealthTrackRx, Inc.'s motion for summary judgment [ECF 27] be granted. Plaintiff Darnell Dinwiddie timely filed objections [ECF 39]. Because Dinwiddie has not presented evidence that would allow a jury to infer intentional discrimination by HealthTrackRx, his objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. DISCUSSION

Dinwiddie brings four counts against HealthTrackRx, consisting of two counts of race discrimination and two counts of retaliation in violation of Title VII and 42 U.S.C. § 1981. The R&R recommends that summary judgment be granted as to the race discrimination claims because Dinwiddie failed to present evidence from which a reasonable jury could find that HealthTrackRx intentionally discriminated against him based on race. It also recommends that summary

judgment be granted as to the retaliation claims because Dinwiddie abandoned those claims, or alternatively because Dinwiddie failed to present evidence that he opposed any practice made unlawful by Title VII, an element of such claim.

Dinwiddie objects to the R&R's analysis of his race discrimination claims but not his retaliation claims. In the absence of objections to the R&R's retaliation analysis, undersigned reviewed said analysis for clear error and found none. Therefore, undersigned adopts the R&R's recommendation that summary judgment be granted as to the retaliation claims. Undersigned now addresses the race discrimination claims.

Because the parties relied on the (perhaps now in-)famous *McDonnell Douglas* burden-shifting framework[1] to evaluate Dinwiddie's race discrimination

---

[1] Under the *McDonnell Douglas* framework:

> The plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing (1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated similarly situated employees outside her class more favorably.
>
> If the plaintiff succeeds in making out a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions.
>
> Finally, should the defendant carry its burden, the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination, an obligation that merges with the

claims, the R&R first concludes—assuming *arguendo* that Dinwiddie established the *McDonnell Douglas* prima facie case—that Dinwiddie failed to demonstrate that HealthTrackRx's legitimate, non-discriminatory reason for terminating him (his poor performance) was pretextual. Second, the R&R proceeds to analyze the claims under the "convincing mosaic" framework, further concluding that Dinwiddie failed to present evidence from which a reasonable jury could find that HealthTrackRx intentionally discriminated against him based on race.

Dinwiddie objects to the R&R's analysis of his prima facie case and evidence of pretext. Because the R&R continued to the pretext stage of the *McDonnell Douglas* framework regardless of the strength of Dinwiddie's prima facie case, his objection to the R&R's prima facie case analysis is irrelevant and therefore overruled. *See Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 945 (11th Cir. 2023) (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)) ("Where 'the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is *no longer relevant*.'") (emphasis in original). And, dispositive here, Dinwiddie's objections to the R&R's pretext analysis fail to show that, in addition

---

> plaintiff's ultimate burden of persuading the factfinder that she has been the victim of intentional discrimination.

*Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (cleaned up).

to HealthTrackRx's proffered reason for his termination being false, that illegal discrimination was also the real reason for his termination. *See Ismael v. Roundtree*, 161 F.4th 752, 761 (11th Cir. 2025) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)) ("To show pretext, a plaintiff must show '*both* that the [employer's] reason was false, *and* that discrimination was the real reason' for the adverse action.") (emphases in original).

Nor does Dinwiddie address the R&R's convincing mosaic analysis, which found no evidence suggesting that he was terminated because of his race. *See id.* at 764 (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)) (Where the defendant proffers evidence of a legitimate reason for the adverse employment action, "the court must proceed to ask whether 'the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination . . . by the decisionmaker.'"); *see also id.* at 760 ("[T]he 'convincing mosaic' analysis . . . is a stand-in for the Rule 56 summary judgment standard applied to employment discrimination.").

Thus, even crediting his objections that the R&R failed to acknowledge genuine disputes as to the credibility of HealthTrackRx's performance concerns—which, to be clear, the R&R did not fail to do—Dinwiddie has at all stages failed to present evidence suggesting that he was discriminated against because of his

race, which is "the ultimate inquiry in a discrimination lawsuit." *Tynes*, 88 F.4th at 946. Accordingly, Dinwiddie's objections are overruled, and HealthTrackRx is entitled to summary judgment.

## III. CONCLUSION

Dinwiddie's objections to the R&R [ECF 39] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 36] as the Order of this Court. HealthTrackRx's motion for summary judgment [ECF 27] is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter judgment in favor of HealthTrackRx and to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge